UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DYSON ONNIE MCCRAY, Petitioner | CIVIL ACTION NO. 1:20-CV-0934-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 11) filed by *pro se* Petitioner Dyson Onnie McCray ("McCray") (#63185-019). McCray is an inmate in the custody of the Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana. McCray seeks a compassionate release from confinement.

Because this Court lacks jurisdiction to grant the relief requested, the Petition (ECF No. 11) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

McCray was convicted in the United States District Court for the Northern District of Georgia of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and using a firearm in relation to or carrying a firearm during and in relation to the commission of a crime in violation of 18 U.S.C. §§ 924(c) (1) (A) (ii) and (2). *United States v. McCray*, 1:11-CR-00455 (N.D. Ga.). He was sentenced to 186 months of imprisonment. *Id.* at ECF No. 157.

McCray seeks compassionate release under 18 U.S.C. § 3582(c)(1)(a) because he is particularly susceptible to COVID-19. ECF Nos. 1, 11.

## II. Law and Analysis

Only the sentencing court has jurisdiction to grant relief under § 3582(c). *Landazuri v. Hall*, 423 F. App'x 475, 476 (5th Cir. 2011) ("Because Landazuri did not file this [3582(c)] challenge to his sentence in the court in which he was sentenced, the district court ruled correctly that it lacked jurisdiction to consider it."); *Ambriz v. United States*, 465 F. Supp. 3d 630, 632 (N.D. Tex. 2020); *Clark v. Upton, et al.*, No. 4:19-CV-064 (N.D. Tex. Feb. 22, 2019) ("Inasmuch as the court is to consider the factors set forth in 18 U.S.C. § 3552(a) in making a determination of the kind Clark seeks [compassionate release under § 3582(c)(1)(A)], the court finds that the sentencing court would be more appropriately suited to make the decision on Clark's motion"); *Brown v. Underwood*, 3:19-CV-1706, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019) (citing 18 U.S.C. § 3582(c)(1)(A)); *Young v. Warden of FCI-Williamsburg*, 9:20-CV-1587, 2020 WL 4195166, at *4 (D.S.C. May 27, 2020), *report and recommendation adopted sub nom. Young v. Warden FCI Williamsburg*, 2020 WL 4194629 (D.S.C. July 21, 2020) (motion for compassionate release under § 3582(c)(1)(A) must be filed in the sentencing court); *Deffenbaugh v. Sullivan*, No. 5:19-HC-2049, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (motion for compassionate release must be filed in the sentencing court). Therefore, McCray

must file his request for compassionate release under § 3582(c)(1)(A) in the Northern District of Georgia.

### III. Conclusion

Because McCray must seek compassionate release under § 3582(c)(1)(a) in the sentencing court, IT IS RECOMMENDED that the Petition (ECF No. 11) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Monday, November 16, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE